UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/5/2013

TRUSTEES OF THE SHEET METAL
WORKERS' INTERNATIONAL
ASSOCIATION LOCAL UNION
NO. 28 BENEFIT FUNDS,

        **Plaintiff,**

        -against-

FLUSH METAL PARTITIONS, LLC,

        **Defendant.**

------------------------------------------------------------X

12-CV-07922 (ALC)(SN)

**REPORT & RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE ANDREW L. CARTER, JR.:**

    This action was filed on October 24, 2012. Service on defendant was accomplished on November 5, 2012. To date, defendant has not filed an answer with the Court. On January 3, 2013, therefore, I warned that I would recommend dismissal of this case for failure to prosecute if plaintiff did not begin the process of obtaining a default judgment by February 3, 2013. Because I am unaware of any attempt by plaintiff to obtain a default judgment, I recommend that this case be dismissed *sua sponte* and with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); see also Townsend v. Rosario, 05 Civ. 0588 (RJH)(DCF), 2006 WL 572713, at *1 (S.D.N.Y. Mar. 7, 2006) (adopting recommendation that complaint be dismissed *sua sponte* pursuant to Rule 41).

## DISCUSSION

    A plaintiff has a general obligation to prosecute his case diligently. See Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982). If a plaintiff fails to do so, however, the Court may dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. In fact, "[a] plaintiff[']s lack of diligence alone is enough for dismissal." Hill v. City of New York, 10 Civ. 2238

(RJS)(DCF), 2011 WL 2228109, at *3 (S.D.N.Y. June 6, 2011) (adopting recommendation that case be dismissed for failure to prosecute).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or to comply with a court order, (Fed. R. Civ. P. 41(b)), the Court need not wait for a defendant to file such a motion. See Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Moreover, the Court is not required to provide notice of the dismissal. See Townsend, 2006 WL 572713, at *3. "[S]uch dismissal is largely a matter of the judge's discretion." See id. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the Court may even dismiss an action with prejudice when a plaintiff fails to prosecute his case. See Link, 370 U.S. at 629-31.

In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the [C]ourt balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the [C]ourt adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000).

Here, plaintiff has not filed any papers with the Court since its affidavit of service on November 13, 2012. (Docket Number ("Doc. No.") 6.) The January 3, 2013 Order provided plaintiff with notice that its complaint would be dismissed for failure to prosecute if it did not move for default judgment. (Doc. No. 7.) This report and recommendation provides plaintiff further notice and another opportunity to be heard before the District Judge.  Defendant will not be prejudiced by a dismissal of the case against it, but the Court has a strong interest in dismissing unprosecuted cases. Because plaintiff has not responded to this order, and has displayed no interest in pursuing this case, lesser sanctions would not be appropriate.

## CONCLUSION

For these reasons, I recommend that all claims asserted in the complaint be dismissed with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Andrew L. Carter, Jr., at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Carter. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         February 5, 2013